ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 2 4 2020

JAMES N. HATTEN, Clerk
By:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal Indictment |
| WARREN VERNELL ROBERTSON, III, ASANTE MOORE, AND ERIK ALFONSO COHEN, JR. | No. 1:20-CR- 229 |

THE GRAND JURY CHARGES THAT:

**Count One**

Beginning on a date unknown to the grand jury, but by no later than on or about January 3, 2020, and continuing through on or about March 16, 2020, in the Northern District of Georgia, the defendant, ASANTE MOORE, not being a licensed dealer of firearms within the meaning of Chapter 44 of Title 18 of the United States Code, did willfully engage in the business of dealing in firearms, all in violation of Title 18, United States Code, Section 922(a)(1)(A).

**Count Two**

On or about February 20, 2020, in the Northern District of Georgia, the defendant, ASANTE MOORE, in connection with the acquisition of a firearm, that is, three (3) Taurus, model PT111 G2A, 9mm semi-automatic pistols, did knowingly make a false and fictitious written statement to Elite Pawn & Jewelry, Inc., a licensed dealer of firearms within the meaning of Chapter 44 of Title 18 of the United States Code, which statement was intended and likely to deceive Elite Pawn & Jewelry, Inc. as to a fact material to the lawfulness of the sale of the

aforementioned firearms, in that defendant ASANTE MOORE falsely represented that he was the actual transferee of the firearms, when, in fact, as the defendant then and there well knew, he intended to resell at least one of the firearms to another person, all in violation of Title 18, United States Code, Section 922(a)(6).

### Count Three

On or about March 16, 2020, in the Northern District of Georgia, the defendants, WARREN VERNELL ROBERTSON, III, ASANTE MOORE, and ERIK ALFONSO COHEN, JR., aided and abetted by one another, in connection with the acquisition of at least one of the following firearms listed below, that is,

| Firearm | Manufacturer | Model | Caliber |
|---|---|---|---|
| One (1) semi-automatic pistol | Ruger | EC9s | 9mm |
| One (1) semi-automatic pistol | MasterPiece Arms | MPA30T | 9mm |

did knowingly make a false and fictitious written statement to Arrowhead Pawn Shop, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18 of the United States Code, which statement was intended and likely to deceive Arrowhead Pawn Shop as to a fact material to the lawfulness of the sale of the aforementioned firearms, in that defendant ASANTE MOORE falsely represented that he was the actual buyer of the firearms, when, in fact, as defendant ASANTE MOORE then and there well knew, defendants WARREN VERNELL ROBERTSON, III and ERIK ALFONSO COHEN, JR. were the actual buyers of the firearms, all in violation of Title 18, United States Code, Section 922(a)(6), and Section 2.

### Count Four

On or about March 16, 2020, in the Northern District of Georgia, the defendants, WARREN VERNELL ROBERTSON, III, ASANTE MOORE, and ERIK ALFONSO COHEN, JR., aided and abetted by one another, did knowingly engage in the unlawful transfer of a firearm, in that defendant ASANTE MOORE, not being a licensed importer, manufacturer, dealer, and collector of firearms within the meaning of Chapter 44 of Title 18 of the United States Code, did knowingly and willfully transfer, sell, transport, and deliver at least one of the following firearms listed below, that is,

| Firearm | Manufacturer | Model | Caliber |
|---|---|---|---|
| One (1) semi-automatic pistol | Ruger | EC9s | 9mm |
| One (1) semi-automatic pistol | MasterPiece Arms | MPA30T | 9mm |

to defendants WARREN VERNELL ROBERTSON, III and ERIK ALFONSO COHEN, JR., who were not licensed importers, manufacturers, dealers, and collectors of firearms within the meaning of Chapter 44 of Title 18 of the United States Code, knowing, and having reasonable cause to believe, that defendants WARREN VERNELL ROBERTSON, III and ERIK ALFONSO COHEN, JR. did not then reside in the State of Georgia, the State in which defendant ASANTE MOORE was residing at the time of the aforesaid transfer, sale, transport and delivery of the firearms, all in violation of Title 18, United States Code, Section 922(a)(5), and Section 2.

### Count Five

On or about March 16, 2020, in the Northern District of Georgia, the defendant, ERIK ALFONSO COHEN, JR., knowing that he had been previously convicted in the District Court of Harford County, Maryland, on or about September 14, 2017,

of the offense of Wearing, Carrying, or Transporting a Handgun, which was a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Ruger, model EC9s, 9mm semi-automatic pistol, all in violation of Title 18, United States Code, Section 922(g)(1).

### Count Six

On or about March 16, 2020, in the Northern District of Georgia, the defendant, ERIK ALFONSO COHEN, JR., in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), did knowingly and willfully make a material false, fictitious, and fraudulent statement to ATF Special Agent J.G., in that the defendant stated that he had remained inside WARREN VERNELL ROBERTSON, III's rental vehicle and had not entered Arrowhead Pawn Shop that day, when, in fact, as he then and there well knew, the defendant had not remained in WARREN VERNELL ROBERTSON, III's rental vehicle and had entered Arrowhead Pawn Shop, all in violation of Title 18, United States Code, Section 1001(a)(1).

### Forfeiture Provision

Upon conviction of one or more of the offenses alleged in Counts One through Five of this Indictment, the defendants, WARREN VERNELL ROBERTSON, III, ASANTE MOORE, and ERIK ALFONSO COHEN, JR., shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense(s).

If, as a result of any act or omission of the defendants, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without undue complexity or difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

A \_\_\_\_TRUE\_\_\_\_ BILL

\_\_\_\_/s/\_\_\_\_
FOREPERSON

BYUNG J. PAK
 *United States Attorney*

*/s/ Theodore Hertzberg*
THEODORE S. HERTZBERG
 *Assistant United States Attorney*
Georgia Bar No. 718163
600 U.S. Courthouse

75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

5